IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS DIVISION

ELECTRONICALLY
FILED
Jul 20 2022
U.S. DISTRICT COURT
Northern District of WV

JOSEPH YAKUBIK,

    Plaintiff,

v.                                         Civil Action No. **2:22-cv-9 (Kleeh)**

WALMART, INC.,

    Defendant.

## NOTICE OF REMOVAL

TO:

| | |
|---|---|
| Phillip D. Riggleman, Clerk | Phillip S. Isner, Esq. |
| Circuit Court of Randolph County | Isner Law Office |
| Randolph County Courthouse | P.O. Box 1878 |
| 2 Randolph Avenue | Elkins, WV 26241 |
| Elkins, WV 26241 | |

In accordance with 28 U.S.C. §§ 1332, 1441, and 1446, you are hereby notified that Defendant, Walmart, Inc., has removed the above-captioned case from the Circuit Court of Randolph County, West Virginia, to the United States District Court for the Northern District of West Virginia, Elkins Division. In support of its Notice of Removal, Defendant states as follows:

### BACKGROUND

1. On or about February 28, 2022, Plaintiff Joseph Yakubik filed a Complaint in the Circuit Court of Randolph County, West Virginia, 22-C-25.

2. Defendant Walmart, Inc., is a corporation and was served with the Complaint via the West Virginia Secretary of State's Office on or about March 3, 2022.

3. The Complaint alleges that Plaintiff Joseph Yakubik "tripped and/or slipped and fell due to the negligent maintenance of the aisles and walkways in the Elkins Walmart . . ," causing Plaintiff to sustain serious permanent injuries and damages. (Compl. ¶¶10-11). As a

result of the alleged incident, Plaintiff Joseph Yakubik alleges that he sustained injuries to his back, resulting in surgery as well as pain, suffering, inconvenience, and mental anguish, medical expenses, impairment to enjoy life, attorney fees and costs." (Pl.'s Resp. to Int. 5 and Compl. ¶11). On or about July 5, 2022, Plaintiff disclosed his claimed medical bills in responses to written discovery, which total approximately $173,783.10.

## THE PARTIES

4. Plaintiff resides in Randolph County, West Virginia. (Compl. ¶2)

5. Walmart, Inc., is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Arkansas. Defendant Walmart, Inc. is not at the time of the commencement of this action, nor has it ever been, a citizen of the State of West Virginia. Defendant Walmart, Inc. conducts business in Randolph County, West Virginia.

## BASIS OF REMOVAL

6. This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332, and this civil action may be removed to this Court by Defendant pursuant to the provisions of U.S.C. § 1441 because it is a civil action between citizens of different states wherein the amount in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs.

7. Plaintiff and Defendant Walmart, Inc. are citizens of different states.

8. Although Plaintiff did not specifically plead an amount of damages in his Complaint, this case may be removed because in discovery, Plaintiff disclosed his claimed medical expenses, which total approximately $173,783.10, and clearly indicate that Plaintiff seeks damages in excess of $75,000.00.

9. "A defendant who removes a case from state court in which the damages sought are unspecified, asserting the existence of federal diversity jurisdiction, must prove by the

preponderance of the evidence that the value of the matter in controversy exceeds the jurisdictional amount." *Ashworth v. Albers Medical, Inc., et al.*, 395 F. Supp 2d, 395, 413 (S.D. W. Va. 2005). The jurisdictional minimum may be satisfied by claims of compensatory damages, attorney's fees, and punitive damages. *Id.* at 413-414.

10. In the present case, Plaintiff seeks damages arising out of an incident wherein Plaintiff alleges he "tripped and/or slipped and fell due to the negligent maintenance of the aisles and walkways in the Elkins Walmart ..," causing Plaintiff to sustain serious permanent injuries and damages. (Compl. ¶¶10-11). As a result of the alleged incident, Plaintiff Joseph Yakubik alleges that he sustained injuries to his back, resulting in surgery as well as pain, suffering, inconvenience, and mental anguish, medical expenses, impairment to enjoy life, attorney fees and costs." (Pl.'s Resp. to Int. 5 and Compl. ¶11). On or about July 5, 2022, Plaintiff disclosed his claimed medical expenses in response to written discovery, which totals approximately $173,783.10.

11. Under West Virginia law, Plaintiff's recovery is theoretically unlimited and only a binding stipulation that Plaintiff will not seek nor accept more than $75,000.00 could limit recovery. See *Hicks v. Herbert*, 122 F.Supp2d 699 (S.D.W.Va. 2000). Plaintiff's Complaint contains no such stipulation and in discovery, Plaintiff sets forth claims that Plaintiff Joseph Yakubik's injuries are permanent in nature and have resulted in medical expenses, which total approximately $173,783.10, and clearly establish that Plaintiff seeks the recovery of damages in excess of $75,000.00.

12. Therefore, without conceding that Plaintiff is entitled to any damages, which is expressly denied by Defendant as it relates to its conduct, it is facially apparent by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. If the Court

for any reason is inclined to disagree, Defendant respectfully requests the opportunity to conduct jurisdictional discovery to confirm the amount in controversy.

13. As required by 28 U.S.C. §1446(b)(3), this Notice of Removal is filed with this Court within thirty (30) days of receipt of documentation received from Plaintiff wherein Plaintiff first alleged damages in excess of the jurisdictional minimum making this case removable and, as such, this Notice of Removal has been timely filed.

14. As required by 28 U.S.C. §1446(d), a copy of this Notice of Removal is being served upon Plaintiff, by and through his attorney of record, and upon the Clerk of the Circuit Court of Randolph County, West Virginia.

15. Copies of all process, pleadings, and orders received by Defendant in the Circuit Court of Randolph County, West Virginia, Civil Action Number 22-C-25 are attached hereto and incorporated herein as Exhibit A.

WHEREFORE, Walmart, Inc., a foreign corporation, respectfully requests that this Court assume full jurisdiction over the cause herein as provided by the law, and that the Circuit Court of Randolph County, West Virginia, proceed no further in the proceedings. Defendant further demands that the trial of this matter in federal court be heard by a jury.

WALMART, INC.,
By Counsel

/s/ Heather M. Noel
Heather M. Noel (W.Va. Bar No. 7814)
Sara E. Brown (W. Va. Bar No. 11999)
MacCorkle Lavender PLLC
2004 White Willow Way
Morgantown, WV 26505
Telephone: (304) 599-5600
Facsimile (304) 599-8141
hnoel@mlclaw.com
sbrown@mlclaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS DIVISION

JOSEPH YAKUBIK,

    Plaintiff,

v.                                                      Civil Action No.

WALMART, INC.,

    Defendant.

## CERTIFICATE OF SERVICE

I, Heather M. Noel, do hereby certify that on the July 20, 2022, a true copy of the foregoing **NOTICE OF REMOVAL** was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

>Phillip S. Isner, Esq.
>Isner Law Office
>P.O. Box 1878
>Elkins, WV 26241
>*Counsel for Plaintiff*

    /s/ Heather M. Noel
Heather M. Noel (W.Va. Bar No. 7814)
Sara E. Brown (W. Va. Bar No. 11999)
MacCorkle Lavender PLLC
2004 White Willow Way
Morgantown, WV 26505
Telephone: (304) 599-5600
Facsimile (304) 599-8141
hnoel@mlclaw.com
sbrown@mlclaw.com