# EXHIBIT A

06/24/2022 FRI 15:18  FAX                                              @003/004

IN THE CIRCUIT COURT OF RANDOLPH COUNTY, WEST VIRGINIA

2022 JUN 27  AM 11: 50

CIRCUIT CLERK'S OFFICE

JOSEPH YAKUBIK,

    Plaintiff,

v.                                              Civil Action No. 22-C-25
                                                Judge David H. Wilmoth

WALMART, INC.,

    Defendant.

## AGREED ORDER GRANTING DEFENDANT WALMART, INC.'S MOTION
## TO COMPEL DISCOVERY FROM JOSEPH YAKUBIK AND CANCELING HEARING

    Pending before the Court is the previously filed Defendant Walmart, Inc.'s Motion to Compel Discovery from Joseph Yakubik and set for hearing on June 23, 2022, at 11 a.m. This day came the parties, by counsel, who advised the Court that they have **AGREED** as follows:

    Defendant Walmart, Inc. served its First Set of Combined Discovery Requests to Joseph Yakubik on March 30, 2022. To date, the Defendant Walmart, Inc. has not received any responses or objections to the same. Plaintiff Joseph Yakubik's discovery responses were due within thirty (30) days of service of the requests, or on April 29, 2022.

    On May 3, 2022, counsel for Defendant Walmart, Inc. inquired by correspondence to counsel for Plaintiff as to Plaintiff Joseph Yakubik's late discovery responses. To date, the Plaintiff Joseph Yakubik has not responded to the Defendant Walmart, Inc.'s correspondence nor responded to outstanding discovery.

    The Court is satisfied that the Defendant Walmart, Inc. has made a good faith effort to obtain discovery without court intervention and that Plaintiff Joseph Yakubik failed to respond.

    Having inspected the pending motion and docket, and having received no objection, the Court **GRANTS** Defendant Walmart, Inc.'s Motion to Compel Discovery from Joseph Yakubik and hereby **CANCELS** THE June 23, 2022, hearing. Accordingly, the Plaintiff Joseph Yakubik has five (5) days from the entry of this Order to provide full

and complete responses to Defendant Walmart, Inc.'s First Set of Combined Discovery
Requests.

The Clerk of the Court is directed to provide all counsel of record with a copy of
this Order upon entry.

**ENTER**: this ___26___ day of _____June_____, 2022.

_____
JUDGE DAVID H. WILMOTH

AGREED TO:

_____
Sara E. Brown (W. Va. Bar No. 11999)
MacCorkle Lavender PLLC
2004 White Willow Way
Morgantown, WV 26505
Telephone: (304) 599-5600
Facsimile (304) 599-8141
*Counsel for Walmart, Inc.*

_____
Phillip S. Isner (W. Va. Bar No. 9390)
Isner Law Office
P.O. Box 1878
Elkins, WV 26241
*Counsel for Plaintiff*

By: Sara F. Brown
w/ permission

ENTERED

JUN 27 2022

PHILIP D. RIGGLEMAN, CLERK

A TRUE COPY
ATTEST:
PHILIP D. RIGGLEMAN
CLERK OF THE CIRCUIT COURT
BY:_____
DEPUTY

2 of 2

IN THE CIRCUIT COURT OF RANDOLPH COUNTY, WEST VIRGINIA

JOSEPH YAKUBIK,

          Plaintiff,

v.                                            Civil Action No.: 22-C-25

WALMART, Inc.

          Defendant.

## **CERTIFICATE OF SERVICE**

    I, Phillip S. Isner, counsel for the Plaintiff, certify I have duly served the foregoing

*Answers to First Set of Interrogatories and Requests for Production of Documents* upon

the other party by email and by first class mail, addressed as indicated:

Heather Noel, Esq.
MacCorkle Lavendar PLLC
2004 White Willow Way
Morgantown, WV 26505
Facsimile (304) 599-8141

Dated at Elkins, West Virginia, 25 June 2022

*Phillip S. Isner*

_____

PHILLIP S. ISNER, W.VA. BAR #9399
ISNER LAW OFFICE
POST OFFICE BOX 1878
ELKINS, WEST VIRGINIA 26241
(304) 636-8300  (FACSIMILE)
(304) 636-7681  (TELEPHONE)
COUNSEL FOR THE PLAINTIFF

IN THE CIRCUIT COURT OF RANDOLPH COUNTY, WEST VIRGINIA

JOSEPH YAKUBIK,

      Plaintiff,

v.

                                          Civil Action No. 22-C-25
                                          Judge David H. Wilmoth

WALMART, INC.,

      Defendant.

## DEFENDANT WALMART, INC.'S NOTICE OF PARTIES AND NON-PARTIES POTENTIALLY AT FAULT PURSUANT TO §55-7-13d

Comes now Defendant, Walmart, Inc., by and through counsel and submits its Notice pursuant to W. Va. Code § 55-7-13d. In accordance with the statute, "[f]ault of a non-party shall be considered if . . . a defending party gives notice no later than one hundred-eighty days after service of process . . . that a nonparty was wholly or partially at fault" and provides the "best identification of the nonparty which is possible under the circumstances, together with a brief statement of the basis for believing such nonparty to be at fault." W. Va. Code § 55-7-13d(a)(2) (2016).

Accordingly, Walmart, Inc. hereby notifies the Court, and all currently named parties that if fault is eventually to be allocated, then certain individuals and entities in the categories described below must be wholly or partially at fault, and that fault must be determined and allocated to them. Neither this Notice or future amendments to it may be construed as waiving Walmart, Inc.'s individual ability and right to argue and present evidence that these parties/non-parties are the sole and proximate cause of any and all complaints made, and injuries and damages claimed by Plaintiff.

1. <u>John Doe and/or Jane Doe</u>: Upon information and belief, John Doe and/or Jane Doe spilled, dropped and/or caused a substance and/or debris to be spilled and/or dropped on the floor of the Walmart store located in Elkins, Randolph County, West Virginia, in which Plaintiff alleges he slipped and fell on causing him injuries and damages. On information and belief, Defendant states that various actions and inactions taken by John Doe and/or Jane Doe contributed to this accident when he or she spilled and/or dropped a substance and/or debris on the floor and he or she failed to advise Defendant of the same so that it could be cleaned up and other similar activity

to be further addressed in discovery. Accordingly, John Doe and/or Jane Doe would be liable for negligence for causing and for failing to take reasonable steps to warn of a potential hazard which would have prevented this accident.

2.      Walmart, Inc. was served within the last 180 days. To the extent this action is in the initial discovery phase, this Defendant reserves the right to supplement this notice should additional non-parties at fault be identified.

WALMART, INC.,
By Counsel.

Heather M. Noel, WV Bar No. 7814
Sara E. Brown, WV Bar No. 11999
MacCorkle Lavender PLLC
2004 White Willow Way
Morgantown, WV 26505
304/599-5600 telephone
304/599-8141 facsimile
*Counsel for Defendant Walmart, Inc.*

IN THE CIRCUIT COURT OF RANDOLPH COUNTY, WEST VIRGINIA

JOSEPH YAKUBIK,

Plaintiff,

v.                                                                Civil Action No. 22-C-25
                                                                  Judge David H. Wilmoth

WALMART, INC.,

Defendant.

## CERTIFICATE OF SERVICE

I, Heather M. Noel, counsel for Walmart, Inc., do hereby certify that on June 17, 2022, I served a true and correct copy of the foregoing **DEFENDANT WALMART, INC.'S NOTICE OF PARTIES AND NON-PARTIES POTENTIALLY AT FAULT PURSUANT TO §55-7-13d** upon all counsel/parties of record via facsimile to the following:

Phillip S. Isner, Esq.
Isner Law Office
P.O. Box 1878
Elkins, WV  26241
*Counsel for Plaintiff*


Heather M. Noel, W.Va. Bar No. 7814
Sara E. Brown, W.Va. Bar No. 11999
MacCorkle Lavender PLLC
2004 White Willow Way
Morgantown, WV  26505
(304) 599-5600 – telephone
(304) 599-8141 - facsimile

IN THE CIRCUIT COURT OF RANDOLPH COUNTY, WEST VIRGINIA

JOSEPH YAKUBIK,

       Plaintiff,

v.                                          Civil Action No. 22-C-25
                                            Judge David H. Wilmoth

WALMART, INC.,
       Defendant.

## SCHEDULING ORDER

       This action came before David H. Wilmoth, Judge of the Circuit Court of Randolph County, West Virginia, on June 2, 2022, at 8:30 a.m., for a Scheduling Conference pursuant to Rule 16 of the West Virginia Rules of Civil Procedure, the West Virginia Trial Court Rules, and the Court's pretrial procedure; and came Plaintiff, by counsel, Phillip S. Isner, Esq. Also came Walmart, Inc., by counsel, Sara E. Brown, Esq.

       The following schedule is **ORDERED** by the Court in the above-styled civil action; and shall not be modified except by leave of Court.

    1.   **JURY TRIAL DATE: February 15 and 16 at 9:00 a.m. with Jury selection on February 13, 2023, at 9 a.m.**

**PRE-TRIAL CONFERENCE DATE:**    **January 31, 2023, at 9 a.m.**
  At which time lead counsel must appear. All parties are **ORDERED** to exchange and deliver their respective **PRE-TRIAL CONFERENCE MEMORANDA** to the Judge's Chambers **NO LATER THAN TEN (10) BUSINESS DAYS BEFORE** the conference. Said memoranda are to contain at a minimum, the following:

| | | | |
|---|---|---|---|
| 1. | Statement of the Case | 6. | List of Witnesses |
| 2. | Issues of Fact | 7. | All Proposed Instructions of Law (Email as well as hard copy shall be provided to the Court.) |
| 3. | Issues of Law | | |
| 4. | Proposed Stipulations | | |
| 5. | Schedule of Exhibits | | |

    2.   **EXPERTS DISCLOSED:  Plaintiff:    August 1, 2022**
                             **Defendant:  September 1, 2022**

       Plaintiff's Rule 26 expert witnesses and Rule 26(b)(4) information shall be identified on or before **August 1, 2022**; Defendant's Rule 26 expert witnesses and Rule 26(b)(4) information shall be identified on or before **September 1, 2022**.

The disclosures described in Rule 26(b)(4) shall not be required of physicians and other medical providers who examined or treated a party or party's decedent unless the examination was for the sole purpose of providing expert testimony in the case. However, their testimony shall be limited to the medical records unless designated as an expert witness for the purpose of giving opinion testimony (i..e. permanent disability, future medical treatment, etc.).

If Defendant wishes to have an independent medical examination performed on the Plaintiff, said independent examination must be completed on or before: **October 1, 2022.**

3.    **DISCOVERY COMPLETION DATE: December 31, 2022.**

For purposes of this Order, "completed" means that any discovery requiring a response or action shall be filed in sufficient time to permit such response or action by the above date.

5.    **DISPOSITIVE MOTIONS/MOTIONS IN LIMINE:** WVRCP 12(b) and 56 motions shall be filed when an issue is ripe for decision but must be filed and heard before **January 31, 2023.** Dispositive Motions/Motions in Limine will not be heard at the pre-trial conference.

6.    **FACT WITNESS LIST EXCHANGED:    Plaintiff:  July 1, 2022**
                                                              **Defendant: August 1, 2022**

This is to be a *bona fide* list of intended trial witnesses.

7.    **MEDIATION/ALTERNATIVE DISPUTE RESOLUTION**

The Court finds that this is an appropriate case for mediation or alternative dispute resolution. Therefore, pursuant to Rule 25 of the West Virginia Trial Court Rules, this case is referred to mediation. By order of this Court, mediation or other form of dispute resolution shall be scheduled and concluded on or before **January 31, 2023**.

8.    The dates set out above do not relieve counsel or parties from timely compliance with discovery requests propounded pursuant to the West Virginia Rules of Civil Procedure.

It is **ORDERED** that the foregoing Scheduling Order shall control the course of this action unless modified by the Court for good cause.

The Clerk is hereby directed to send a certified copy of this Order to all counsel of record.

ENTER: This __7__ day of June 2022.

**JUDGE DAVID H. WILMOTH**

PREPARED BY:

Heather M. Noël, W.Va. Bar No. 7814
Sara E. Brown, W.Va. Bar No. 11999
MacCorkle Lavender PLLC
2004 White Willow Way
Morgantown, WV 26505
(304) 599-5600 – telephone
(304) 599-8141 - facsimile
*Counsel for Defendant*

**ENTERED**

JUL - 7 2022

PHILIP D. RIGGLEMAN, CLERK

CC: Brown
Isner

A TRUE COPY
ATTEST:
PHILIP D. RIGGLEMAN
CLERK OF THE CIRCUIT COURT
BY:_____
DEPUTY

IN THE CIRCUIT COURT OF RANDOLPH COUNTY, WEST VIRGINIA

JOSEPH YAKUBIK,

  Plaintiff,

v.

              Civil Action No. 22-C-25
              Judge David H. Wilmoth

WALMART, INC.,

  Defendant.

## DEFENDANT WALMART INC.'S MOTION TO COMPEL DISCOVERY FROM PLAINTIFF, JOSEPH YAKUBIK

COMES NOW Defendant, Walmart, Inc., by counsel, and moves this Honorable Court for an Order compelling Plaintiff, Joseph Yakubik, to provide discovery responses to Defendant's First Set of Combined Discovery Requests. In support of its motion, Defendant submits the following:

1. Plaintiff filed this civil action in Randolph County, West Virginia, on or about February 28, 2022, as a result of an incident at Walmart wherein allegedly he slipped but did not fall, causing personal injuries.

2. Walmart answered Plaintiff's Complaint on March 30, 2022 and contemporaneously filed Walmart, Inc.'s First Set of Combined Discovery Requests to Plaintiff, Joseph Yakubik.

3. Pursuant to W. Va. R. Civ. P. Rules 33 and 34, Plaintiff Joseph Yakubik's responses to this discovery were due on or about April 29, 2022, thirty (30) days from the date of service as the original discovery requests were served via facsimile.

4. On May 3, 2022, in accordance with Rule 37(a)(1) of the West Virginia Rules of Civil Procedure, counsel for Walmart, Inc., sent a facsimile correspondence to Plaintiff's counsel making inquiry as to the status of Plaintiff's outstanding discovery responses. See the attached Exhibit A.

5.     To date, as evidenced by the court file in this matter, Plaintiff has failed to provide any responses to Walmart's discovery served upon him, nor has counsel responded to the May 3, 2022, correspondence regarding the outstanding discovery.

6.     Pursuant to Rule 34(b) all grounds for an objection to a request shall be stated.  Pursuant to the rules, any ground not stated in a timely objection is waived unless the party's failure to object is excused by the court for good cause shown.

7.     As Plaintiff has not timely objected to any interrogatory, request for production or request for admission, Walmart would assert that any objections to the same are hereby waived and Plaintiff is required to provide full and completed responses and all requests for admission are deemed admitted.

8.     In accordance with Rule 37 of the West Virginia Rules of Civil Procedure, and the signing of this Motion to Compel, the undersigned certifies that she has in good faith conferred or attempted to confer with Plaintiff, through counsel, in an effort to obtain the requested discovery without Court action. However, such attempts have failed and Court action is therefore necessary.

**WHEREFORE,** Defendant, Walmart, Inc., through counsel, respectfully requests that this Honorable Court enter an order compelling Plaintiff to completely respond to

Walmart's First Set of Combined Discovery Requests within ten days, and further requests any additional relief the Court deems appropriate under the circumstances.

WALMART, INC.,
By Counsel,

Heather M. Noel, W. Va. Bar No. 7814
Sara E. Brown, W. Va. Bar No. 11999
MacCorkle Lavender PLLC
2004 White Willow Way
Morgantown, WV 26505
(304) 599-5600 telephone
(304) 599-8141 facsimile

# EXHIBIT A

# MACCORKLE LAVENDER PLLC

♦ 2004 White Willow Way ♦ Morgantown ♦ West Virginia ♦ 26505
Phone (304) 599-5600 ♦ Fax (304) 599-8141

E-Mail Address: hnoel@mlclaw.com

Please refer to: WM-09432

May 3, 2022

**Via Facsimile Only**
Phillip S. Isner, Esq.
Isner Law Office
P.O. Box 1878
Elkins, WV 26241

Re:  Joseph **Yakubik v. Walmart, Inc.**
      Circuit **Court** of Randolph County, **West Virginia**
      Civil Action No. 22-C-25

Dear Mr. Isner:

Walmart, Inc.'s First Set of Combined Discovery Requests to Mr. Yakubik were sent to you via facsimile on March 30, 2022, making your client's answers and/or responses due on or about April 29, 2022. As of today's date, I have yet to receive your client's written discovery responses.

Please consider this a reminder and our effort to confer in good faith pursuant to Rule 37(a)(1), that your clients' answers and/or responses are now past due. I look forward to receiving the same no later than **Wednesday, May 11, 2022**, or I will have no choice but to file a motion to compel.

I thank you in advance for your prompt attention to this matter. With best wishes, I remain,

Very truly yours,

Heather M. Noel

05/03/2022 TUE 09:00    FAX                                                           ☑001

```
                    ********************
                    *** FAX TX REPORT ***
                    ********************

                       TRANSMISSION OK

           JOB NO.                    0963
           DESTINATION ADDRESS        13046368300
           SUBADDRESS
           DESTINATION ID
           ST. TIME                   05/03 08:59
           TX/RX TIME                 00'35
           PGS.                       2
           RESULT                     OK
```

# MacCorkle Lavender PLLC

♦ 2004 White Willow Way ♦ Morgantown ♦ West Virginia ♦ 26505
Phone (304) 599-5600 ♦ Fax (304) 599-8141

DATE: May 3, 2022

ATTORNEY:  Heather M. Noel

FILE NO.: WM-09432

The following document, including cover sheet, is __2__ pages long.

## Please deliver this document to:

| NAME | FAX NUMBER |
|------|-----------|
| Phillip S. Isner, Esq. | 304-636-8300 |

**This document is from:**  Heather M. Noel, Esq.

TELEPHONE:  (304) 599-5600

The information contained in this facsimile message is attorney privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone and return the original facsimile to us at the above address via the U.S. Postal Service. We shall remit postage for the return of any such facsimiles. Thank you.

**SPECIAL INSTRUCTIONS/REMARKS:** Please see attached.  Thank you!

*****************************

IF YOU HAVE NOT RECEIVED ALL PAGES AS INDICATED, PLEASE CALL Ann at (304) 599-5600.

__X__  ORIGINAL WILL NOT FOLLOW  _____ ORIGINAL WILL FOLLOW VIA:

_____  REGULAR MAIL

IN THE CIRCUIT COURT OF RANDOLPH COUNTY, WEST VIRGINIA

JOSEPH YAKUBIK,

     Plaintiff,

v.

WALMART, INC.,

     Defendant.

Civil Action No. 22-C-25
Judge David H. Wilmoth

## CERTIFICATE OF SERVICE

I, Heather M. Noel, counsel for Defendant Walmart, Inc. do hereby certify that on May 13, 2022, I served a true and correct copy of the foregoing **DEFENDANT WALMART INC.'S MOTION TO COMPEL DISCOVERY RESPONSES FROM PLAINTIFF, JOSEPH YAKUBIK** upon all counsel/parties of record, via facsimile to the following:

Phillip S. Isner, Esq.
Isner Law Office
P.O. Box 1878
Elkins, WV  26241
*Counsel for Plaintiff*

Heather M. Noel, W.Va. Bar No. 7814
Sara E. Brown, W.Va. Bar No. 11999
MacCorkle Lavender PLLC
2004 White Willow Way
Morgantown, WV  26505
(304) 599-5600 – telephone
(304) 599-8141 - facsimile

4

IN THE CIRCUIT COURT OF RANDOLPH COUNTY, WEST VIRGINIA

JOSEPH YAKUBIK,

     Plaintiff,

v.

                                          Civil Action No. 22-C-25
                                          Judge David H. Wilmoth

WALMART, INC.,
     Defendant.

## NOTICE OF HEARING

You will please take notice that, Heather M. Noel, on behalf of Walmart, Inc., will bring on for hearing the attached **DEFENDANT WALMART, INC.'S MOTION TO COMPEL DISCOVERY FROM PLAINTIFF, JOSEPH YAKUBIK** before the Honorable David Wilmoth, in his courtroom at the Randolph County Courthouse at a date and time convenient for the Court and to be scheduled during the telephonic hearing on **Thursday, June 2, 2022, at 8:30 a.m.**.

                                              WALMART, INC.,
                                              By Counsel,

Heather M. Noel, W. Va. Bar No. 7814
Sara E. Brown, W. Va. Bar No. 11999
MacCorkle Lavender PLLC
2004 White Willow Way
Morgantown, WV 26505
(304) 599-5600 telephone
(304) 599-8141 facsimile

IN THE CIRCUIT COURT OF RANDOLPH COUNTY, WEST VIRGINIA

JOSEPH YAKUBIK,

     Plaintiff,

v.

                                  Civil Action No. 22-C-25
                                  Judge David H. Wilmoth

WALMART, INC.,
     Defendant.

## CERTIFICATE OF SERVICE

I, Heather M. Noel, counsel for Defendant Walmart, Inc. do hereby certify that on May 13, 2022, I served a true and correct copy of the foregoing **NOTICE OF HEARING** on **DEFENDANT WALMART INC.'S MOTION TO COMPEL DISCOVERY RESPONSES FROM PLAINTIFF, JOSEPH YAKUBIK** upon all counsel/parties of record, via facsimile to the following:

Phillip S. Isner, Esq.
Isner Law Office
P.O. Box 1878
Elkins, WV  26241
*Counsel for Plaintiff*


Heather M. Noel, W.Va. Bar No. 7814
Sara E. Brown, W.Va. Bar No. 11999
MacCorkle Lavender PLLC
2004 White Willow Way
Morgantown, WV  26505
(304) 599-5600 – telephone
(304) 599-8141 - facsimile

IN THE CIRCUIT COURT OF RANDOLPH COUNTY, WEST VIRGINIA

JOSEPH YAKUBIK,

                    Plaintiff,

vs.                                                    CASE NO. 22-C-25

WALMART, INC.,

                    Defendant.


TO:    Phillip S. Isner, Esq.               Heather M. Noel, Esq.
        P.O. Box 1878                    2004 White Willow Way
        Elkins, WV 26241               Morgantown, WV 26505
        Facsimile: 304-636-8300        Facsimile: 304-599-8141


## NOTICE OF TELEPHONIC SCHEDULING CONFERENCE


PLEASE TAKE NOTICE that this matter shall come for a telephonic scheduling conference **Thursday, June 2, 2022, at 8:30 a.m.** to be initiated by the Judge's Office.


Enter this ___9___ day of May, 2022.


                                        _____
                                        **DAVID H. WILMOTH**
                                        **Circuit Court Judge**

IN THE CIRCUIT COURT OF RANDOLPH COUNTY, WEST VIRGINIA

JOSEPH YAKUBIK,

      Plaintiff,

v.

                                   Civil Action No. 22-C-25
                                   Judge David H. Wilmoth

WALMART, INC.,

      Defendant.

## CERTIFICATE OF SERVICE

I, Heather M. Noel, counsel for Defendant Walmart, Inc. do hereby certify that on March 30, 2022, I served a true and correct copy of the foregoing **DEFENDANT WALMART, INC.'S FIRST SET OF COMBINED DISCOVERY REQUESTS TO PLAINTIFF** upon all counsel/parties of record, via facsimile to the following:

Phillip S. Isner, Esq.
Isner Law Office
P.O. Box 1878
Elkins, WV  26241
*Counsel for Plaintiff*

**A copy of the same was also served upon counsel via facsimile transmission.**

Heather M. Noel, W.Va. Bar No. 7814
Sara E. Brown, W.Va. Bar No. 11999
MacCorkle Lavender PLLC
2004 White Willow Way
Morgantown, WV  26505
(304) 599-5600 – telephone
(304) 599-8141 - facsimile

## IN THE CIRCUIT COURT OF RANDOLPH COUNTY, WEST VIRGINIA

PLAINTIFF:   Joseph Yakubik

CASE NUMBER: 22-C-25

DEFENDANT: Walmart, Inc.

II.     TYPE OF CASE:

| TORTS | OTHER | CIVIL |
|---|---|---|
| ☐ Asbestos | ☐ Adoption | ☐ Appeal from Magistrate Court |
| ☐ Professional Malpractice | ☐ Contract | ☐ Petition for Modification of Magistrate Sentence |
| ■ Personal Injury | ☐ Real Property | ☐ Miscellaneous Civil |
| ☐ Product Liability | ☐ Mental Health | ☐ Other |
| ☐ Other Tort | ☐ Appeal of Administrative Agency | |

III.    JURY DEMAND:        ■ YES ☐ NO

CASE WILL BE READY FOR TRIAL BY (MONTH/YEAR): Per the Court's Scheduling Order

IV.     DO YOU OR ANY OF YOUR CLIENTS OR WITNESSES IN THIS CASE REQUIRE SPECIAL ACCOMMODATIONS DUE TO A DISABILITY OR AGE?   ☐ YES ■ NO

☐ Wheelchair accessible hearing room and other facilities
☐ Interpreter or other auxiliary aid for the hearing impaired
☐ Reader or other auxiliary aid for the visually impaired
☐ Spokesperson or other auxiliary aid for the speech impaired
☐ Other:

Attorney Name: Heather M. Noel, WV Bar No. 7814
Firm:          MacCorkle Lavender PLLC
Address:       2004 White Willow Way
               Morgantown, West Virginia 26505

Telephone: (304) 599-5600

Date:   3/30/2022

☐ Pro Se

Representing:
■ Defendant
☐ Cross-Complaint ☐ Cross Defendant

_Heather M. Noel_
Signature

IN THE CIRCUIT COURT OF RANDOLPH COUNTY, WEST VIRGINIA

JOSEPH YAKUBIK,

     Plaintiff,

v.

                                     Civil Action No. 22-C-25
                                     Judge David H. Wilmoth

WALMART, INC.,

     Defendant.

## DEFENDANT WALMART INC.'S
## ANSWER TO PLAINTIFF'S COMPLAINT

Comes now Defendant Walmart Inc., by counsel, and for its answer in response to Plaintiff's Complaint filed herein and against it, does answer and respond to the same as follows:

1.     Answering paragraph number 1 of Plaintiff's Complaint, Defendant states that this paragraph contains a legal conclusion to which no response is required by way of admission or denial.  Nevertheless, to the extent this paragraph may be construed as alleging a claim, cause of action, or any unlawful conduct by or against Defendant, the same expressly is denied.

2.     Answering paragraph number 2 of Plaintiff's Complaint, upon information and belief, Defendant admits the allegations contained therein.

3.     Answering paragraph number 3 of Plaintiff's Complaint, Defendant admits the allegations contained therein.

4.     Answering paragraph number 4 of Plaintiff's Complaint, Defendant admits the allegations contained therein.

5.     Answering paragraph number 5 of Plaintiff's Complaint, Defendant admits the allegations contained therein.

6.    Answering paragraph number 6 of Plaintiff's Complaint, Defendant admits the allegations contained therein.

7.    Answering paragraph number 7 of Plaintiff's Complaint, Defendant states that this paragraph contains a legal conclusion to which no response is required by way of admission or denial.  Nevertheless, to the extent this paragraph may be construed as alleging a claim, cause of action, or any unlawful conduct by or against Defendant, the same expressly is denied.

8.    Answering paragraph number 8 of Plaintiff's Complaint, Defendant denies the allegations contained therein and demands strict proof thereof.

9.    Answering paragraph number 9 of Plaintiff's Complaint, Defendant is without sufficient information upon which to form a belief as to the truth of the allegations asserted and therefore, denies the same and demands strict proof thereof.

10.    Answering paragraph number 10 of Plaintiff's Complaint, Defendant denies the allegations contained therein and demands strict proof thereof.

11.    Answering paragraph number 11 of Plaintiff's Complaint, including subparagraphs a, b, c, d, and e, Defendant denies the allegations contained therein and demands strict proof thereof.

### REQUEST FOR RELIEF

12.    Answering Plaintiff's "Wherefore" clause, including subparagraphs 1, 2, 3, 4, 5, and 6, Defendant denies the allegations contained therein and demands strict proof thereof. Defendant further asserts that it owes Plaintiff no sums of money for any reason.

13.   Defendant denies all allegations contained in Plaintiff's Complaint that are not specifically admitted herein.

## FIRST DEFENSE

Defendant asserts each and every affirmative defense found in Rule 8(c) of the West Virginia Rules of Civil Procedure, including but not limited to contributory/comparative negligence, assumption of risk, and statute of limitations as those defenses may apply to the facts of this civil action, as determined through discovery.

## SECOND DEFENSE

Defendant says that the Complaint of Plaintiff fails to state a claim upon which relief can be granted.

## THIRD DEFENSE

Defendant did not breach any duties owed to Plaintiff.

## FOURTH DEFENSE

Defendant asserts that the injuries and damages about which Plaintiff complains, all of which Defendant denies, were a proximate result of negligence on the part of Plaintiff or negligence on the part of some third party not named herein.

## FIFTH DEFENSE

Defendant asserts that if Plaintiff sustained the injuries and damages about which Plaintiff complains, on or about February 29, 2020, the same were the proximate result of negligence by Plaintiff that equaled or exceeded the negligence of Defendant, if any, by reason of which Plaintiff should be barred from recovery herein, pursuant to the doctrine of comparative negligence.

3

## SIXTH DEFENSE

Defendant states that Plaintiff assumed all normal, obvious, and ordinary risks attendant on the use of its premises.

## SEVENTH DEFENSE

Defendant states that it was not the insurer of safety for the invitee, was not guilty of actionable negligence, and no nuisance existed; therefore, it is not liable for any alleged injuries to Plaintiff.

## EIGHTH DEFENSE

Defendant states that, should the evidence warrant, there is no causal connection between the actions or omissions complained of and the injuries allegedly sustained by Plaintiff.

## NINTH DEFENSE

Defendant, not being fully advised of all the circumstances surrounding the allegations set forth in the Complaint, reserves unto itself the affirmative defense that Plaintiff failed to mitigate his alleged damages and injuries should the evidence warrant.

## TENTH DEFENSE

Defendant affirmatively asserts that its business premises were maintained in a reasonably safe condition, free from hidden defects or conditions, at all times alleged in Plaintiff's Complaint.

## ELEVENTH DEFENSE

Defendant affirmatively asserts that all due diligence was used to discover and/or prevent any dangerous conditions which may have existed on the business premises at all times alleged in Plaintiff' Complaint and that it had no actual or constructive

knowledge of any dangerous conditions which may have existed on the business premises at all times alleged in Plaintiff's Complaint.

## TWELFTH DEFENSE

Defendant affirmatively asserts that it could not have reasonably anticipated that Plaintiff would not keep a reasonable and proper lookout to protect himself from any known, open, and/or obvious conditions which may have existed on its business premises at all times alleged in Plaintiff's Complaint.

## THIRTEENTH DEFENSE

Defendant affirmatively asserts that it could not have reasonably anticipated that Plaintiff would not discover or detect all open and obvious conditions which may have existed on its business premises at all times alleged in Plaintiff's Complaint.

## FOURTEENTH DEFENSE

Defendant affirmatively asserts that any dangerous condition existing on the business premises alleged by Plaintiff was open and obvious and could have been observed or discovered by any reasonably prudent person exercising due care for their own safety. Therefore, Plaintiff was charged with knowledge of the allegedly dangerous condition and was under a duty to exercise reasonable care for his own safety and protection.

## FIFTEENTH DEFENSE

To the extent that Plaintiff's Complaint asserts or alleges that Plaintiff is entitled to recover punitive damages from Defendant, then Defendant assert the following defenses:

1.    Plaintiff's claim for punitive damages violates, and is therefore barred by, the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the Constitution of the United States of America on grounds including, but not limited to, the following:

(a)    it is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the Plaintiff satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b)    the procedures, pursuant to which punitive damages are awarded, may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which judgments infringe the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

(c)    the procedures, pursuant to which punitive damages are awarded, fail to provide a reasonable or substantive limit on the amount of the award which, thereby, violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(d)    the procedures, pursuant to which punitive damages are awarded, fail to provide specific standards for the amount of the award of punitive damages which, thereby, violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(e)    the procedures, pursuant to which punitive damages are awarded, result in the imposition of different penalties for the same or similar acts and,

thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(f)    the procedures, pursuant to which punitive damages are awarded, permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which, thereby, infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(g)    the procedures, pursuant to which punitive damages are awarded, permit the imposition of excessive fines in violation of the Eighth Amendment of the United States Constitution;

(h)    the award of punitive damages to Plaintiff in this action would constitute a deprivation of property without due process of law; and

(i)    the procedures, pursuant to which punitive damages are awarded, permit the imposition of an excessive fine and penalty.

2.    Plaintiff's claim for punitive damages violates and is, therefore, barred by the provisions of the Constitution of the State of West Virginia, including but not limited to, Article 3, Sections 4, 5, 6 and 10, on grounds including the following:

(a)    it is a violation of the Due Process and Equal Protection Clauses to impose punitive damages, which are penal in nature, against a civil defendant upon Plaintiff satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b)     the procedures, pursuant to which punitive damages are awarded, may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing;

(c)     the procedures, pursuant to which punitive damages are awarded, fail to provide a reasonable or substantive limit on the amount of the award against the defendant;

(d)     the procedures, pursuant to which punitive damages are awarded, fail to provide specific standards for the amount of the award of punitive damages;

(e)     the procedures, pursuant to which punitive damages are awarded, result in the imposition of different penalties for the same or similar acts;

(f)     the procedures, pursuant to which punitive damages are awarded, permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct;

(g)     the procedures, pursuant to which punitive damages are awarded, permit the imposition of excessive fines;

(h)     the award of punitive damages to Plaintiff in this action would constitute a deprivation of property without due process of law; and

(i)     the procedures, pursuant to which punitive damages are awarded, permit the imposition of an excessive fine and penalty.

3.     Defendant did not engage in any intentional wrongdoing, any departure from any prescribed or known standard of action, nor in any willful, wanton, malicious,

reckless, or egregious conduct; consequently, a sufficient factual basis does not exist to support a claim for punitive damages against this Defendant.

4.     No provision of West Virginia law provides adequate procedural safeguards consistent with the criteria of *TXO Production Corp. v. Alliance Resources Corp.*, 113 S. Ct. 2711 (1993), *Pacific Mutual Life Ins. Co. v. Haslip, et al.*, 111 S. Ct. 1032 (1991), and *Fleming Landfill, Inc. and John T. Fleming v. Julian Garnes and Sharon Garnes,* 413 S.E.2d 897 (W. Va. 1991), for the imposition of a punitive damage award.

5.     Defendant adopts and incorporates the requirements and procedures established by West Virginia Code § 55-7-29 as if set forth fully herein.

### SIXTEENTH DEFENSE

Defendant reserves the right to supplement this answer and assert any other defense or claim, counterclaim, cross-claim, or third-party claim that may become apparent after further investigation or discovery.

WHEREFORE, Defendant respectfully requests that the Court dismiss Plaintiff's Complaint, award its costs incurred in this matter, and grant it such further relief as the Court deems proper.

DEFENDANT DEMANDS A TRIAL BY JURY.

WALMART, INC.,
By Counsel.

Heather M. Noel (W.Va. Bar No. 7814)
Sara E. Brown (W. Va. Bar No. 11999)
MacCorkle Lavender PLLC
2004 White Willow Way
Morgantown, WV 26505
Telephone: (304) 599-5600
Facsimile: (304) 599-8141

9

IN THE CIRCUIT COURT OF RANDOLPH COUNTY, WEST VIRGINIA

JOSEPH YAKUBIK,

       Plaintiff,

v.

                              Civil Action No. 22-C-25
                              Judge David H. Wilmoth

WALMART, INC.,

       Defendant.

## CERTIFICATE OF SERVICE

I, Heather M. Noel, counsel for Defendant Walmart, Inc. do hereby certify that on March 30, 2022, I served a true and correct copy of the foregoing **DEFENDANT WALMART INC.'S ANSWER TO PLAINTIFF'S COMPLAINT** upon all counsel/parties of record, via facsimile to the following:

> Phillip S. Isner, Esq.
> Isner Law Office
> P.O. Box 1878
> Elkins, WV  26241
> *Counsel for Plaintiff*

Heather M. Noel, W.Va. Bar No. 7814
Sara E. Brown, W.Va. Bar No. 11999
MacCorkle Lavender PLLC
2004 White Willow Way
Morgantown, WV  26505
(304) 599-5600 – telephone
(304) 599-8141 - facsimile

03-04-'22 09:46 FROM-                                          T-448   P0001/0007 F-833

IN THE CIRCUIT COURT OF        **RANDOLPH**        COUNTY, WEST VIRGINIA

## CIVIL CASE INFORMATION STATEMENT
### (Civil Cases Other than Domestic Relations)

**I. CASE STYLE:**                                Case No. 22-C- 25

**Plaintiff(s)**                          Judge:   Wilmoth

Jospeh Yakubik

c/o Isner Law Office, PO Box 1878

Elkins, WV 26241

vs.                               **Days to**       **Type of Service**

**Defendant(s)**                  **Answer**

Walmart Inc., c/o C T Corporation System    30      Secretary of State

Name

5098 Washington St. W Ste 407

Street Address

Charleston, WV 25313

City, State, Zip Code

**II. TYPE OF CASE:**

- [x] General Civil
- [ ] Mass Litigation *[As defined in T.C.R. 26.04(a)]*
  - [ ] Asbestos
  - [ ] FELA Asbestos
  - [ ] Other: _____
- [ ] Habeas Corpus/Other Extraordinary Writ
- [ ] Other: _____

- [ ] Adoption
- [ ] Administrative Agency Appeal
- [ ] Civil Appeal from Magistrate Court
- [ ] Miscellaneous Civil Petition
- [ ] Mental Hygiene
- [ ] Guardianship
- [ ] Medical Malpractice

**III. JURY DEMAND:**  [x] Yes  [ ] No  CASE WILL BE READY FOR TRIAL BY (Month/Year):  02 / 2023

**IV. DO YOU OR ANY OF YOUR CLIENTS OR WITNESSES IN THIS CASE REQUIRE SPECIAL ACCOMMODATIONS?**

[ ] Yes [ ] No

**IF YES, PLEASE SPECIFY:**
- [ ] Wheelchair accessible hearing room and other facilites
- [ ] Reader or other auxiliary aid for the visually impaired
- [ ] Interpreter or other auxiliary aid for the deaf and hard of hearing
- [ ] Spokesperson or other auxiliary aid for the speech impaired
- [ ] Foreign language interpreter-specify language: _____
- [ ] Other: _____

Attorney Name: Phillip S. Isner

Firm: Isner Law Office

Address: PO Box 1878, Elkins, WV 26241

Telephone: (304) 636-7681

**Representing:**
- [x] Plaintiff
- [ ] Defendant
- [ ] Cross-Defendant
- [ ] Cross-Complainant
- [ ] 3rd-Party Plaintiff
- [ ] 3rd-Party Defendant

[ ] Proceeding Without an Attorney

Original and  3  copies of complaint enclosed/attached.

Dated:  02 / 28 / 2022        Signature: _____

SCA-C-100: Civil Case Information Statement (Other than Domestic Relations)        Revision Date: 12/2015

03-04-'22 09:46 FROM-                                          T-448  P0002/0007 F-833

# S U M M O N S

## CIRCUIT COURT OF RANDOLPH COUNTY, WEST VIRGINIA

Joseph Yakubik

,    00000

    v.                    2022-C-25            David H. Wilmoth

Walmart Inc., C/O C T Corporation System
5098 Washington St. W, Suite 407
Charleston, WV 25313

To the Above-Named Defendant(s):
IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby summoned and

required to serve upon                    Phillip Shanon Isner
Plaintiff's Attorney,                     PO Box 1878
 whose address is                         Elkins, WV 26241

an answer, including any related counter-claim you may have, to the complaint
filed against you in the above-styled civil action, a truc copy of which is
herewith delivered to you.  You are required to serve your answer within 30
days after service of this summons upon you, exclusive of the day of service.
If you fail to do so, judgement by default will be taken against you for the
relief demanded in the complaint and you will be thereafter barred from
asserting in another action any claim you may have which must be asserted by
counter-claim in the above-styled civil action.
DATED: 2/28/2022

                                  Phil Riggleman, Clerk
                                  Randolph County Circuit Court

                                By: _____ , Deputy

Return to:
Phil Riggleman, Circuit Clerk
2 Randolph Avenue
Elkins, WV 26241

## IN THE CIRCUIT COURT OF RANDOLPH COUNTY, WEST VIRGINIA

JOSEPH YAKUBIK,

               Plaintiff,

v.                                             Civil Action No.: 22-C- 05

WALMART, Inc.

               Defendant.

### COMPLAINT

1    Venue in this Court is proper because the acts complained of herein occurred in Randolph County, West Virginia.

2    The Plaintiff, Joseph Yakubik, is a citizen of the State of West Virginia and a resident of Randolph County, West Virginia.

3    Plaintiff is informed, and therefore believes, that the Defendant, Walmart, Inc., (hereinafter "Walmart"), is a Delaware corporation which is authorized to conduct business in West Virginia and has its principal place of business in Bentonville, Arkansas.

4    The Defendant conducts business in Randolph County, West Virginia.

5    The Defendant owns and operates a retail location in or near Elkins, Randolph County, West Virginia.

6    The Defendant is responsible for the care and maintenance of the Elkins Walmart location.

7    The Defendant owes a duty to its invitees such as the Plaintiff to keep the aisles and walkways free, clear, and safe for the public.

8.  The Defendant Walmart negligently allowed the aisles and walkways of said real property located in Elkins, Randolph County, West Virginia to fall into an unsafe and hazardous state by failing to timely clean spills and debris.

9.  On or about 29 February, 2020, Plaintiff Joseph Yakubik was conducting business at the Walmart located in Elkins, Randolph County, West Virginia.

10. While walking, Plaintiff Joseph Yakubik tripped and/or slipped and fell due to the negligent maintenance of the aisles and walkways in the Elkins Walmart Location.

11. As a result of the foregoing, Plaintiff, Joseph Yakubik suffered serious injuries and damages, including:

    a.  Joseph Yakubik has sustained physical injuries which are or may be of a permanent nature;

    b.  Joseph Yakubik has suffered and will continue to suffer pain, suffering, inconvenience, and mental anguish;

    c.  Joseph Yakubik been and will be required to expend money for medical attention;

    d.  Joseph Yakubik has suffered an impairment to enjoy life; and

    e.  Joseph Yakubik has incurred attorney fees and costs.

## REQUEST FOR RELIEF

WHEREFORE, the Plaintiff respectfully requests:

1.  A judgment awarding compensatory damages as to all relevant causes of action in an amount to be determined at the trial of this matter;

2.  A judgment awarding punitive damages as to all relevant causes of action in an amount to be determined at the trial of this matter;

3    A judgment awarding pre-judgment and post-judgment interest as to all relevant

causes of action;

4    A judgment awarding costs, attorney fees, and disbursements of this action; and

5    Such other and further relief as the Court deems just and proper.

6    Plaintiff Demands a trial by jury as to all relevant causes of action.

JOSEPH YAKUBIK,
BY COUNSEL,

PHILLIP S. ISNER
WEST VIRGINIA STATE BAR # 9399
ISNER LAW OFFICE
P.O. BOX 1878
ELKINS, WEST VIRGINIA 26241
(304) 636-8300  (FACSIMILE)
(304) 636-7681 (TELEPHONE)
COUNSEL FOR THE PLAINTIFF

03-04-'22 09:48 FROM-                                          T-448   P0006/0007   F-833

IN THE CIRCUIT COURT OF RANDOLPH COUNTY, WEST VIRGINIA

JOSEPH YAKUBIK,

      Plaintiff,

                                                Civil Action No.: 22-C- 25

v.

WALMART CORPORATION,
      Defendant.

## VERIFICATION OF PETITIONER'S COMPLAINT

STATE OF WEST VIRGINIA, COUNTY OF RANDOLPH, to wit:

      The undersigned, being duly sworn, says he has read the foregoing *Complaint* relative to which he is the Petitioner; he knows its contents; the averments are true, except insofar as they are stated to be upon information and belief, the undersigned believes them to be true.

_____
Joseph Yakubik

OFFICIAL SEAL
NOTARY PUBLIC
STATE OF WEST VIRGINIA
CASSIE LOWERY
376 Coalton Pump Station Rd, Norton, WV 26285
MY COMMISSION EXPIRES APRIL 19, 2023

      Taken, subscribed and sworn to before me, a Notary Public in and for the County and State aforesaid this 15th day of February, 2022.

My commission expires: April 19, 2023    _____
                                              NOTARY PUBLIC

03-04-'22 09:48 FROM-

T-448   P0007/0007 F-833

SCANNED